IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WALTER H. CRABTREE,

      Plaintiff,

      v.                    Case No. 2:05-CV-838
                        JUDGE JAMES L. GRAHAM
                        Magistrate Judge Norah McCann King

REGINALD WILKINSON, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. §1983 ("Section 1983"), in which plaintiff, an inmate at the Warren Correctional Institution ("WCI"), in Lebanon, Ohio, alleges that defendants' classification practices at WCI subject him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. This matter is before the Court on *Defendants' Motion to Dismiss*, Doc. No. 6, and plaintiff's *Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* ("*Plaintiff's Motion for Sanctions*"), Doc. No. 9. For the reasons that follow, it is **RECOMMENDED** that *Defendants' Motion to Dismiss* be **GRANTED** and that *Plaintiff's Motion for Sanctions* be **DENIED**.

I.    FACTS

Plaintiff is assigned to the "protective control unit" at WCI. *Amended Complaint,* ¶ 16. Plaintiff complains that:

> The defendants are allowing inmates in protective control to mingle and congregate who have security levels 1-A through 4-B and in direct violation of defendants' own policies, are assigning inmates to institutions not consistent with the inmates' security level classifications.

*Id.* ¶ 14.[1] Plaintiff claims that the assignment to protective control of violent inmates has caused him mental distress for which he seeks monetary and injunctive relief. *Id.* ¶¶ 19-21, 23-78.

Plaintiff has named as defendants in this action Reginald Wilkinson, the former Director of the Ohio Department of Rehabilitation and Correction ["ODRC"], ODRC's former Deputy Director of Institutions Terry Collins, ODRC's South Region Director Steve Huffman, ODRC's Chief of the Bureau of Classification and Reception William A. Eleby and ODRC's Chief Inspector Gary Croft. *Id.* pgs. 1, 2.

On October 31, 2005, defendants moved to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 6. Plaintiff filed his *Memorandum contra Motion to Dismiss* ("*Plaintiff's Memorandum contra*") on November 16, 2005. Doc. No. 8. In addition, on November 16, 2005, plaintiff filed *Plaintiff's Motion for Sanctions* claiming that defendants filed *Defendants' Motion to Dismiss* in bad faith and for the purpose of delay. Doc. No. 9.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203

---

[1] In the Ohio prison system, there exist five institutional security level classifications, one through five, with five being given to the most dangerous inmates. *Amended Complaint* ¶¶ 1-11. Additionally, security levels one, four and five are assigned a privilege level classification of A or B, with A being less restrictive. *Id.* ¶¶ 7, 8.

(6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Thus, this Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of an absence of facts or law to support the claims in it or if, on the face of the complaint, there is an insurmountable bar to relief. *See generally, Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

**B.     Rule 11 of the Federal Rules of Civil Procedure**

*Plaintiff's Motion for Sanctions* invokes Fed. R. Civ. P. 11(b)(1), which provides in relevant part:

> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]

Fed. R. Civ. P. 11(b)(1).  This Rule authorizes the imposition of sanctions for violations of its provisions.  F.R. Civ. P. 11(c).

**C.     *Pro Se* Litigants**

In this case, plaintiff is proceeding without the assistance of counsel.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A court should make a reasonable attempt to read

3

the pleadings to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, any confusion of various legal theories, poor syntax and sentence construction, or any unfamiliarity with the pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

It is with these standards in mind that the instant motions will be decided.

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

Defendants move to dismiss based on plaintiff's alleged failure exhaust available administrative remedies and failure to allege any physical injury, which is an essential element of his claim under §1983. *Defendants' Motion to Dismiss* at 1-2. Because the Court concludes that plaintiff has not exhausted available administrative remedies, and the action must be dismissed for that reason, the Court will not consider defendants' alternative argument.

#### 1. Defendants' Motion to Dismiss is not *res judicata.*

Plaintiff contends that defendants' motion to dismiss is foreclosed by this Court's initial review of the sufficiency of the complaint under 28 U.S.C. §1915A. *Plaintiff's Memorandum Contra* at 1-2. The Court disagrees.

Without question, any claims that survive the initial screening under 28 U.S.C. §1915A

may be the proper subject of a later motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Dickerson v. Parnell*, 101 Fed. Appx. 587, 588 (6th Cir. 2004); *Naturalite v. Hood*, 98 Fed. Appx. 401, 402 (6thCir. 2004); *Harrington v. Painter*, 92 Fed. Appx. 126, 128 (6th Cir. 2003). The Court will therefore consider defendants' motion to dismiss.

  **2. Plaintiff has failed to exhaust available administrative remedies.**

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust available administrative remedies prior to filing an action in a federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (2004). The plaintiff-prisoner bears the burden of proving that a claim has been fully exhausted. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Although exhaustion is not a jurisdictional predicate, it is nevertheless mandatory, *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006), even if proceeding through the administrative system would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).

A prisoner must either attach "a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits."). The PLRA conditions an inmate's suit on exhaustion of all available remedies and courts cannot waive inadequate or futile administrative remedies. *Hartsfield*, 199 F.3d at 309 (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).

In addition, grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the subject of the grievance so that those officials are afforded the opportunity to address the claims before suit is brought in federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Walton v. Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005). The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

Section 5120-9-31 of the Ohio Administrative Code establishes a three-step administrative procedure for addressing most inmate grievances. An inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. *Ohio Admin. Code* §5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. *Id.* § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. *Id.* § 5120-9-31(J)(3). Prisoner complaints against institutional inspectors and/or wardens must be addressed directly to the Chief Inspector's Office. *Id.* § 5120-9-31(L).

In the instant action, plaintiff nowhere in the *Complaint* alleges that he filed any grievances related to his claims. In *Plaintiff's Memorandum contra*, plaintiff argues that he was not required to utilize the administrative process against the defendants in this case because the grievance procedure is applicable only to "institutional actors" and the defendants named in this action are not institutional actors. *Plaintiff's Memorandum contra* at 2. Plaintiff's argument is not well-taken.

6

The section of the Ohio Administrative Code upon which plaintiff relies provides as follows:

> The department of rehabilitation and correction shall provide inmates with access to an inmate grievance procedure. This procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. This may include complaints regarding policies, procedures, conditions of confinement, or the actions of institutional staff.

Ohio Admin. Code § 5120-9-31(A). The regulation is framed in the disjunctive and is clearly intended to reach the broadest range of grievances possible. The use of the term "may" also indicates that the listed examples of complaints are not exhaustive. It is unreasonable to interpret, as plaintiff does, the term "institutional staff" to modify the terms "policies, procedures, conditions of confinement."

This section is applicable to all the allegations made by plaintiff in the *Complaint*. That is, plaintiff complains about an "aspect of institutional life," *i.e.*, the commingling of inmates with inconsistent security classifications and the alleged violation of ODRC policies related to inmates in protective control. This Court concludes that the grievance procedure established in Ohio Admin. Code § 5120-9-31 was therefore available to plaintiff and plaintiff was required to exhaust that procedure before he brought this action.

Accordingly, even viewing the *Complaint* in the light most favorable to plaintiff, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" because plaintiff has failed to exhaust his available administrative remedies.

    **B.**    **Plaintiff's Motion for Sanctions**

In light of the Court's conclusion that *Defendants' Motion to Dismiss* is meritorious,

*Plaintiff's Motion for Sanctions,* in which plaintiff complains that the motion to dismiss was filed in bad faith and for an improper purpose, must necessarily fail.

**WHEREUPON**, in light of the foregoing analysis, the Court **RECOMMENDS** that *Defendants' Motion to Dismiss*, Doc. No. 6, be **GRANTED** and *Plaintiff's Motion for Sanctions*, Doc. No. 9, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Responses to objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

 August 9, 2006                                                              s/Norah McCann King
        Date                                                                              Norah M<sup>c</sup>Cann King
                                                                 United States Magistrate Judge